

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEO L. PAYNE,**

Plaintiff,

v.                                                            Civil Action No. **3:12cv852**

**S. RANDOLPH SENGEL,** *et al.*,

Defendants.

## REPORT AND RECOMMENDATION

Leo L. Payne, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] This is at least the third such action by Payne challenging his grand larceny conviction in the Circuit Court of the City of Alexandria. *See, e.g., Payne v. Riley*, No. 3:10CV714, 2011 WL 2580626, *1-4 (E.D. Va. June 29, 2011); *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, *1-4 (E.D. Va. Apr. 17, 2008). The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2). Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1651.

### Preliminary Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 170. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *see Gordon v. Leeke*,

2

574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Payne alleges Defendants S. Randolph Sengel, the Commonwealth's Attorney in Alexandria, and Steven Escobar, a police officer in Alexandria committed "civil conspiracy." (Compl. (ECF No. 1) 4.)[2] Payne explains, stated verbatim here, that "[o]n 10/2/06, Randy Sengel advised Steven Escobar by indictment to give a [sic] intentionally false oath to the grand jury and withheld town of Haymarket Police Report, who is constitutionally obligated under due process to correct false testimony." (*Id.*) Payne further provides that "Steven Escobar sworn oath on 10/2/06 to the grand jury about identifying the city in which the plaintiff committed the offense on a certain date is false." (*Id.*) Payne demands $150,000,000.00 and expungement of his grand larceny auto conviction. (*Id.* at 14.)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Payne's vague allegations fail to satisfy his obligation under Federal Rule of Civil Procedure 8(a)(2) to provide the Defendants with fair notice of his claims and the facts upon which they rest. *See Bell Atl. Corp.*, 550 U.S. at 555-56. Furthermore,

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system to quotations from and citations to Payne's Complaint. The Court corrects the capitalization in quotations from Payne's Complaint.

3

the Court has repeatedly explained to Payne "that, to the extent he seeks 'monetary damages stemming from improper incarceration,' such an attempt via 42 U.S.C. § 1983, 'is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases.'" *Payne*, 2011 WL 2580626, at *2 (quoting *Payne*, 2008 WL 1766665, at *2). Payne raised similar claims challenging his state criminal conviction and seeking expungement of the conviction and damages in the opinions cited above. As in those cases, Payne's claims here are barred by *Heck*. *See Payne*, 2011 WL 2580626, at *2-4; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (explaining that *Heck* bars a "prisoner's § 1983 action . . . (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Even though Payne no longer remains in custody, *Heck* bars Payne's claims because he had sufficient time to pursue habeas relief during his incarceration. Indeed, he filed a petition pursuant to 28 U.S.C. § 2254. *Cf. Bishop v. North Carolina*, 484 F. App'x 753, 755-56 (4th Cir. 2012) (finding *Heck* bars a § 1983 suit where former probationer had sufficient time to file a habeas action, pursued no such action, and "made no claim that habeas relief was unavailable during that time"); *Payne v. Johnson*, No. 3:07CV614, 2008 WL 3843447, at *1-2 (E.D. Va. Aug. 15, 2008). Accordingly, it is RECOMMENDED that Payne's claims and the action be DISMISSED WITHOUT PREJUDICE as legally frivolous.[3]

---

[3] Furthermore, to the extent *Heck* fails to bar Payne's claims, such claims are barred by Virginia's two-year statute of limitations for personal injury claims, *see* Va. Code Ann. § 8.01-243(A) (West 2013); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)), as his claims arise from conduct occurring on November 2, 2006, six years before Payne filed his Complaint on November 27, 2012. (Compl. 4); *see Beverly v. Lawson*, 3:10CV83-HEH, 2011 WL 586416, at *6 (E.D. Va. Feb. 9, 2011).

4

Payne is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Payne.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: JUL -2 2013
Richmond, Virginia