IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEO L. PAYNE,

    Plaintiff,

v.                                                                             Civil Action No. **3:12cv852**

S. RANDOLPH SENGEL, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Leo L. Payne, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] This is at least the third such action by Payne challenging his grand larceny conviction in the Circuit Court of the City of Alexandria. *See, e.g., Payne v. Riley*, No. 3:10CV714, 2011 WL 2580626, *1–4 (E.D. Va. June 29, 2011); *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, *1–4 (E.D. Va. Apr. 17, 2008). The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 170. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Payne alleges Defendants S. Randolph Sengel, the Commonwealth's Attorney in Alexandria, and Steven Escobar, a police officer in Alexandria committed "civil conspiracy." (Compl. (ECF No. 1) 4.)[2] Payne explains, stated verbatim here, that "[o]n 10/2/06, Randy Sengel advised Steven Escobar by indictment to give a [sic] intentionally false oath to the grand jury and withheld

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system to quotations from and citations to Payne's Complaint. The Court corrects the capitalization in quotations from Payne's Complaint.

town of Haymarket Police Report, who is constitutionally obligated under due process to correct false testimony." (*Id.*) Payne further provides that "Steven Escobar sworn oath on 10/2/06 to the grand jury about identifying the city in which the plaintiff committed the offense on a certain date is false." (*Id.*) Payne demands $150,000,000.00 and expungement of his grand larceny auto conviction. (*Id.* at 14.)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Payne's vague allegations fail to satisfy his obligation under Federal Rule of Civil Procedure 8(a)(2) to provide the Defendants with fair notice of his claims and the facts upon which they rest. *See Bell Atl. Corp.*, 550 U.S. at 555-56. Furthermore, the Court has repeatedly explained to Payne "that, to the extent he seeks 'monetary damages stemming from improper incarceration,' such an attempt via 42 U.S.C. § 1983, 'is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases.'" *Payne*, 2011 WL 2580626, at *2 (quoting *Payne*, 2008 WL 1766665, at *2). Payne raised similar claims challenging his state criminal conviction and seeking expungement of the conviction and damages in the opinions cited above. As in those cases, Payne's claims here are barred by *Heck*. *See Payne*, 2011 WL 2580626, at *2-4; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (explaining that *Heck* bars a "prisoner's § 1983 action . . . (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Even though Payne no longer remains in custody, *Heck* bars Payne's claims because he had sufficient time to pursue habeas relief during his incarceration. Indeed, he filed a petition pursuant to 28 U.S.C. § 2254. *Cf. Bishop v. North Carolina*, 484 F. App'x 753, 755-56 (4th Cir. 2012) (finding *Heck* bars a § 1983 suit where former probationer had sufficient time to file a habeas action, pursued no such action, and "made no claim that habeas relief was unavailable during that time"); *Payne v. Johnson*, No. 3:07CV614, 2008 WL 3843447, at *1-2 (E.D. Va. Aug. 15, 2008). Accordingly, it is RECOMMENDED that Payne's claims and the action be DISMISSED WITHOUT PREJUDICE as legally frivolous.[3]

---

[3] Furthermore, to the extent *Heck* fails to bar Payne's claims, such claims are barred by Virginia's two-year statute of limitations for personal injury claims, *see* Va. Code Ann. § 8.01-243(A) (West 2013); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)), as his claims arise from conduct occurring on November 2, 2006, six years before Payne filed his Complaint on November 27, 2012. (Compl. 4); *see Beverly v. Lawson*, 3:10CV83-HEH, 2011 WL 586416, at *6 (E.D. Va. Feb. 9, 2011).

3

(July 2, 2013 Report and Recommendation (alteration and omissions in original).) The Court advised Payne that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. Payne has filed three "objections." (ECF No. 12.)

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

## III. PAYNE'S OBJECTION

In his Objections, Payne objects to the Magistrate Judge's "analysis under Federal Rule of Civil Procedure 4(c)(3),"[4] the Magistrate Judge's "preliminary review," and the Magistrate Judge's recommendation that Payne's claim is legally frivolous. (Pet'r's Obj. 1–2 (capitalization corrected).)

---

[4] Rule 4(c)(3) states in relevant part: "At the plaintiff's request, the court may order that service be made by a United States marshal . . . . The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3).

The Court notes that the Report and Recommendation contained no discussion of service of the summons as Payne suggests here. To the extent Payne believes that Fed. R. Civ. P. 4(c)(3) obligates the Court to order service, Payne is incorrect. His action remains in the screening stage, thus rendering service premature. *See* 28 U.S.C. § 1915(e)(2). Payne fails to identify a specific error in the Magistrate Judge's proposed finding. Thus, the Court need not conduct a *de novo* review of the record. Nevertheless, the Court has conducted a *de novo* review of the record and finds that Payne's civil action should be dismissed for the reasons stated by the Magistrate Judge.

Accordingly, Payne's Objections will be OVERRULED and the Report and Recommendation will be ACCEPTED AND ADOPTED. Plaintiff's claims will be DISMISSED WITH PREJUDICE.

Payne also filed a Motion to Compel (ECF No. 10) in which he "moves the Court for an order requiring the Court to order service of summons upon the Defendants." (Mot. 1 (capitalization corrected).) As the Court WILL DISMISS Payne's action, the Court will DENY the Motion to Compel. (ECF No. 10.)

The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 9-3-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge